UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel, ROBERT DIGGS, | ) ) ) | |
| Petitioner, | ) ) | Case No. 02 C 8886 |
| v. | ) ) | Judge Joan B. Gottschall |
| DONALD HULICK, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Robert Diggs, an inmate at the Menard Correctional Center where Respondent Donald Hulick is the warden, [1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Diggs challenges his 1991 conviction for aggravated criminal sexual assault, armed robbery, and residential burglary and asserts three grounds for relief: 1) that his trial counsel was ineffective for failing to investigate exculpatory evidence that would have established a lack of probable cause for his arrest; 2) that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness; and 3) that the circuit court lacked jurisdiction to sentence him because the state had failed to fulfill its mandatory obligation under state law, and the petitioner was illegally prosecuted by a county employee in connection with a state criminal charge.[2] For the reasons discussed below, the petition is denied.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court

---

[1] Jonathan Walls was the respondent originally named in Diggs's petition, as he was the warden of Menard at the time. Because Walls was sued in his official capacity, the court substitutes the current warden as the proper party respondent pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 § 2254 and Fed. R. Civ. P. 25(d)(1).

[2] As to the third ground, this is the language petitioner used to state his claim. Its meaning is unclear.

may not grant a state prisoner habeas relief unless the decision of the highest state court to adjudicate the petitioner's claims on the merits, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Smiley v. Thurmer*, 542 F.3d 574, at 580 (7th Cir. 2008) (citing 28 U.S.C. § 2254(d)). Thus, only errors of federal law may support a federal writ of habeas corpus. Errors of state law are not grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

In addition to alleging claims arising under federal law, a habeas petitioner must exhaust his or her state court remedies before a federal court may entertain the merits of those claims on habeas review. 28 U.S.C. § 2254(b). This means, among other things, that the petitioner has a duty to present his or her federal claims consistently throughout "one complete round of the State's established appellate review process," *Boerckel*, at 845, before attacking a state court sentence on collateral review.

The above principles suffice to demonstrate why Diggs's petition fails. Although Diggs pursued numerous avenues of relief at all levels of the appellate review process, he raised a confusion of claims over the course of these proceedings, almost none of which was presented consistently throughout one complete round of appeals. The trajectory of his ineffective assistance of counsel claims illustrates his piecemeal approach:

Diggs first alleged ineffective assistance of trial counsel in a post-conviction petition he filed in February of 1994. In that petition, Diggs alleged that his counsel was ineffective for 1) failing to allow Diggs to testify, and 2) failing to object to a suggestive lineup. The petition was

2

dismissed as untimely, but the appellate court reversed the dismissal and remanded the petition to the circuit court. On remand, Diggs supplemented his original petition to add the factual basis he now asserts in support his ineffective assistance of trial counsel claim (i.e., that counsel failed to investigate exculpatory evidence), as well as a new claim asserting, as he does here, that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. The circuit court denied Diggs's petition. Diggs appealed that denial, but he did not raise ineffective assistance of either trial or appellate counsel on appeal, asserting instead a new claim that the trial court had violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by imposing consecutive sentences for Diggs's convictions in two different criminal matters. The Illinois Appellate Court affirmed the denial of Diggs's petition, and Diggs filed a Petition for Leave to Appeal ("PLA") in the Illinois Supreme Court. In his PLA, Diggs reasserted his *Apprendi* claim but did not allege ineffective assistance of either trial or appellate counsel.

While these post-conviction proceedings were ongoing, Diggs also pursued habeas corpus relief in the state courts. In his state habeas petition,[3] Diggs asserted multiple claims, including illegal imprisonment as a result of the "illegal and unconstitutional prosecution" of state felony charges by a county employee (i.e., his third claim here). Diggs did not, however, claim ineffective assistance of either trial or appellate counsel. Diggs's state habeas petition was denied, as were his successive appeals, in which he presented the same claims as in the original petition.

It is clear from the foregoing that the first two grounds Diggs asserts for federal habeas

---

[3] Respondent points out that Diggs originally filed two separate state habeas petitions, the first of which related to convictions for separate offenses not at issue here. According to Respondent, the appeals from the denials of the separate petitions were later consolidated. Neither party asserts that these procedural details are relevant here, and the court therefore assumes they are not.

relief—ineffective assistance of trial and appellate counsel, respectively—are procedurally defaulted because they were abandoned after Diggs's petition and supplemental petition for post-conviction relief were denied. In reply to Respondent's procedural default argument, Diggs does not dispute either the factual or legal underpinnings of the argument, nor does he assert that any of the narrow circumstances under which a federal court may overlook procedural default is present. In fact, his reply does not address ineffective assistance of counsel at all. Instead, Diggs revisits the *Apprendi* claims he raised in his post-conviction appeal. Those claims are not before this court, however, and their disposition in the state courts is irrelevant to whether Diggs's ineffective assistance of counsel claims may proceed to the merits here. It is clear that they may not.

Nor is Diggs entitled to habeas relief based on his third claim, which exceeds the court's authority to grant relief under § 2254. Although it is not immediately obvious whether the error Diggs asserts in this claim is one of state or federal law,[4] it is clear that Illinois Appellate Court (the highest state court to address the claim on the merits), analyzed and rejected the claim based on Illinois law. Moreover, Diggs devotes most of his argument in this court to a discussion of Illinois authorities. As noted above, errors of state law are not grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998) ("We are authorized to grant habeas relief only where there is a violation of federal statutory or constitutional law, not in those instances where an error under state law is present.")

Even assuming, however, that Diggs had consistently alleged a constitutional basis for relief in each court to have heard this claim (up to and including this one), the claim still falls

---

[4] Diggs asserts that: "the circuit court was devoid of any jurisdiction to impose [a] sentence upon the petitioner or to allow the petitioner's conviction to stand where the state has failed to fulfill its mandatory obligation under state law, and the petitioner was illegal prosecuted by [a] county employee in connection with a state criminal charge."

4

short of demonstrating an entitlement to habeas relief. Although Diggs cites two Supreme Court cases in support of his claim, *Sullivan v. Louisiana*, 508 U.S. 275 (1993), and *In re Winship*, 397 U.S. 358 (1970), both of these cases address the due process requirement that a criminal defendant be proven guilty beyond a reasonable doubt, and have little, if anything, to do with Diggs's claim. Diggs has not demonstrated that the Illinois courts' adjudication of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by § 2254.

For the foregoing reasons, Diggs's petition for a writ of habeas corpus is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 14, 2009

5